**UNITED STATES DISTRICT COURT** FILED
**DISTRICT OF MASSACHUSETTS**

2000 JAN 20 P 4: 05

* * * * * * * * * * * * * * * * * *

**UNITED STATES OF AMERICA**

v.                                    CRIMINAL NO. CR-N-98-30044-MAP

**KRISTEN GILBERT**

* * * * * * * * * * * * * * * * * *

## DEFENDANT'S MOTION TO DISMISS THE GOVERNMENT'S NOTICE OF INTENT TO SEEK THE DEATH PENALTY

Now comes the defendant in the above captioned matter and states that the death penalty scheme as codified in 18 U.S.C. 3591 et. seq. is unconstitutional on its face and as applied to the defendant in this case for the following reasons:

1. 18 U.S.C. 3591 et seq. violates Article I, Section 1 of the United States Constitution in that it permits aggravating factors to be defined the by the prosecution which is an unlawful delegation of a legislative function by Congress to the Department of Justice;

2. 18 U.S.C. 3591 et seq. impermissibly authorizes the weighing of non-statutory aggravating factors in determining whether a sentence of death is to be imposed, in violation of the defendant's Fifth Amendment right to Due Process of Law and her Eighth Amendment right to be free from cruel and unusual punishments;

3. 18 U.S.C. 3591 et seq. impermissibly authorizes the Department of Justice of define non-statutory aggravating circumstances after the commission of the crimes charged in this indictment but before trial, in violation of the defendant's rights to be free from prosecution under an *ex post facto law*, as guaranteed by Article I, Section 9 of the United States Constitution;

---

[Handwritten margin note:] DENIED. The bulk of the arguments raised by defendant has been rejected, implicitly or explicitly, by binding Supreme Court rulings. The remaining arguments are unpersuasive. This ruling does not limit this court's power to restrict the government's presentation of non-statutory aggravating factors at the penalty phase, or to reconsider an argument made in this motion in a clearer evidentiary context. So ordered. Michael A. Ponsor USDJ 6/9/00