UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2000 JAN 20 P 4:07

UNITED STATES OF AMERICA

v.

KRISTEN GILBERT

CRIMINAL NO. CR-N-98-30044-MAP

DOCKETED

## DEFENDANT'S MOTION FOR RESTRICTIONS ON ADMISSION OF VICTIM IMPACT EVIDENCE

Now comes the defendant in the above captioned matter and requests that this Honorable Court adopt the following restrictions on the use of victim impact testimony at the penalty phase of her trial:

1. That victim impact testimony be limited to one adult witness for each victim;
2. That all victim impact testimony be reduced to writing;
3. That the court weigh each specific point of the proffered testimony to insure that its probative value is not outweighed by the risk of undue prejudice and misleading the jury;
4. That the court inform the victim's family that they will not be allowed to testify if the prospective witness is unable to control his or her emotions;
5. That the witness be permitted only to read his or her pre-approved testimony;
6. That the court remind the victim's family that any testimony concerning the family members' characterizations and opinions about the defendant, the crime, or the appropriate sentence will not be permitted;

DOCKETED

DENIED, without prejudice. Counsel will have an opportunity to discuss a proper mechanism for presentation of victim impact evidence when and if the case reaches a penalty phase. So ordered. [illegible] USDJ 6/12/2000

214

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN CLERK'S OFFICE
2000 JAN 24 P 1:05
U.S. DISTRICT COURT
DIST. OF MASS.

UNITED STATES OF AMERICA

v.

KRISTEN GILBERT

CRIMINAL NO. 98-CR-30044

DOCKETED

**DEFENDANT'S MOTION TO DISCOVER NOTES OF WITNESSES AND TO BE PROVIDED WITH A LIST OF WITNESSES**

Now comes the defendant in the above captioned matter and requests that this Honorable Court order the Government to provide her with the following:

1. the notes of the investigators from the OIG-OHI team that initially investigated the allegations of an increase in deaths at the VAMC in 1996;

2. a list of witnesses that the government intends to call at the guilt-innocence phase of trial and at any penalty phase of trial.

In support of this motion the defendant states that the above information has been requested by letter as is required by the Local Rules and that the Government has declined to produce it. The defendant contends that this information is necessary in order to secure her right to a fair trial and to due process of law as guaranteed by the Fifth and Sixth Amendment to the United States Constitution.

DOCKETED

DENIED, on condition that the notes and list of witnesses be provided by August 1, 2000, as suggested by the government. So ordered.
Michael A. Ponsor USDJ

28

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED IN CLERK'S OFFICE

2000 MAY 22 P 4:00

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. 98-30044-MAP |
| KRISTEN GILBERT | * | |

DOCKETED

**DEFENDANT'S MOTION TO DISMISS COUNTS ONE, TWO AND THREE ON GROUNDS OF PROSECUTORIAL MISCONDUCT AND PRESENTATION OF FALSE AND MISLEADING EVIDENCE TO THE GRAND JURY**

Now comes the defendant in the above captioned action and requests that this Honorable Court dismiss counts one, two and three of this indictment on the grounds that the Government knowingly permitted false and misleading testimony to be presented to the grand jury. The defendant contends that said evidence was materially prejudicial to her and that the indictment as to these counts would not have issued absent the disputed testimony.

The defendant contends further that this action is required to secure her right to due process of law and to be indicted a fair grand jury proceeding as guaranteed by the Fifth Amendment to the United States Constitution. In the alternative, the defendant suggests that the court invoke its supervisory powers to maintain the integrity of the judicial process.

THE DEFENDANT REQUESTS A HEARING ON THIS MOTION

DOCKETED

DENIED. Defendant has not shown that the indictment was based on false evidence intentionally presented to the Grand Jury, with resulting prejudice. Moreover, the conduct of the assistant U.S. attorney was unexceptional. There is no justification for the extraordinary remedy of dismissal. So ordered. Michael A. Ponsor USDJ 6/12/00

36

DENIED. Defendant is not entitled to information beyond what has already been provided by the government. No referral. Michael A. Ponsor USDJ 6/12/00

FILED IN CLERK'S OFFICE

2000 JAN 20 P 4: 07

U.S. DISTRICT COURT DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

KRISTEN GILBERT

CRIMINAL NO. CR-N-98-30044-MAP

DOCKETED

**DEFENDANT'S MOTION FOR SPECIFICATION OF FACTUAL BASIS FOR GATEWAY FACTORS**

Now comes the defendant in the above captioned matter and requests that this Honorable Court order the Government to specify which gateway factor under 18 U.S.C. 3591 (a)(2)(A-D) it will rely on for each homicide, and to disclose the factual basis for each "gateway" factor that it intends to rely upon at trial.

The defendant contends that this action is necessary in order to secure her right to due process of law and to a reliable determination of sentence as guaranteed by the Fifth and Eighth Amendments to the United States Constitution.

THE DEFENDANT

By ______________________

DAVID P. HOOSE, BBO#239400
KATZ, SASSON, HOOSE & TURNBULL
1145 Main Street, Suite 304
Springfield, MA 01103
(413) 732-1939

By ______________________

HARRY L. MILES, BBO#
GREEN, MILES, LIPTON, ET. AL.
77 Pleasant Street
Northampton, MA 01060
(413) 586-8218

DOCKETED

CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand.

Date: 1-20-00 ______________________

212

IN CLERK'S FILED
2000 JAN 20 P
U.S. DIST.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>KRISTEN GILBERT | CRIMINAL NO. 98-CR-30044 |

**MOTION TO STRIKE NON-STATUTORY AGGRAVATING FACTORS AND FOR PRETRIAL HEARING ON ADMISSIBILITY OF ALL AGGRAVATING FACTORS**

Now comes the defendant in the above captioned matter and requests that this Honorable Court:

1. Strike the Government's non-statutory aggravating factors on the grounds of relevance and duplicity for the reasons identified in the accompanying memorandum and;

2. Conduct a pre-trial hearing as to the admissibility of the government's proof as to any aggravating factor alleged in its Notice of Intention to Seek the Death Penalty that is not struck under the preceding paragraph.

The defendant contends that this action is necessary in order to secure her right to due process of law and to a reliable sentencing hearing as guaranteed by the Fifth and Eighth Amendments to the United States Constitution.

DOCKETED

DENIED without prejudice. The motion is premature. The issues raised here may be addressed when and if the case reaches the penalty phase. So ordered.
Michael A. Ponsor USDJ 6/12/00

210