UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*FILED*
IN CLERK'S OFFICE

2000 APR 20 P 3: 36

U.S. DISTRICT COURT
DISTRICT MAP C MASS.

UNITED STATES OF AMERICA          )
                                  )
          v.                      )   CRIMINAL NO. 98-30044-MAP
                                  )
KRISTEN GILBERT,                  )
                                  )
          Defendant.              )

### GOVERNMENT'S MOTION FOR A FINAL ORDER TO ISSUE REGARDING THE COURT'S ALLOWANCE OF DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY OF DR. STEPHEN GEHLBACH, OR, IN THE ALTERNATIVE GOVERNMENT'S MOTION FOR THE COURT TO EXTEND THE APPEAL PERIOD

The United States of America, by Donald K. Stern, United States Attorney for the District of Massachusetts, William M. Welch II, and Ariane D. Vuono, Assistant United States Attorneys, respectfully request that this Court issue a final order with respect to the Court's allowance of Gilbert's motion *in limine* to exclude the testimony of Dr. Stephen Gehlbach. In the alternative, the government requests that the Court extend the time to file a notice of appeal until April 28, 2000. In support of its motion the government states as follows:

1. On January 5, 2000, Gilbert filed a motion *in limine* to exclude the testimony of the government's epidemiologist, Dr. Stephen Gelbach. The government's response in opposition to the motion was submitted two weeks later, on January 19, 2000.

2. A hearing on the motion was held on March 8, 2000. At

the conclusion of the hearing, the Court issued an oral ruling allowing Gilbert's motion. The ruling was then entered into the docket the same day.

3. Although the Court issued a ruling, the government was under the impression that the Court intended -- or perhaps still intends -- to issue a subsequent, final order. At the close of the hearing, the Court stated:

> I think I've summarized my reasons as best I can. There is some possibility that I'll put something in writing on this. I'm not sure whether I will really need to or not. I think I'll just review the transcript of the remarks that I've made.

The transcript became available on or about March 28, 2000.

4. Pursuant to FRAP 4(b) and 18 U.S.C. §3731, the government has 30 days from the date an order is docketed to file a notice of appeal. FRCP 4(b)(4) allows a court to extend the time to file a notice of appeal for a period not to exceed 30 days upon a finding of excusable neglect or good cause.

5. The government has not yet decided whether it should appeal the Court's order, but wishes to preserve its ability to do so that it may give the matter meaningful consideration.

6. Here, if the Court's March 8, 2000 order turns out to have been its final order, the time within which the government had to file a notice of appeal expired on Friday, March 6, 2000. Given the Court's comments at the close of the March 8, 2000 hearing, and the fact that the transcript was not available until recently

2

(*i.e.*, so that the Court could not have reviewed it earlier, and so the government could not have expected such a review to have taken place), the government believes that if the Court does not intend to issue a final order, or enter its March 8, 2000 order on the docket now as its final order, it should issue an order pursuant to FRAP 4(b)(4) extending the time within which the government may file its notice of appeal to April 28, 2000. The facts establish either excusable neglect or good cause.

For these reasons, the government respectfully requests that the Court issue a final order on the defendant's motion *in limine*, or enter its March 8 order on the docket now as its final order or, in the alternative, find that the facts establish excusable neglect or good cause and extend the time within which the government may file its notice of appeal to April 28, 2000.

Respectfully submitted,

DONALD K. STERN
United States Attorney

By: *Ariane D. Vuono*
Ariane D. Vuono
Assistant U.S. Attorney

William M. Welch II
Assistant U.S. Attorney

Dated: April 20, 2000

3

## CERTIFICATE OF SERVICE

I, Ariane D. Vuono, Assistant U.S. Attorney, do hereby certify that I have caused a copy of this motion to be served on Harry L. Miles, Esq., 77 Pleasant Street, Northampton, MA 01060 and David P. Hoose, Esq., 1145 Main Street, Springfield, MA 01103 by first-class mail on April 20, 2000.

Ariane D. Vuono
Assistant U.S. Attorney