UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) 98-CR-30044-MAP |
| | ) |
| KRISTEN GILBERT | ) |

**DOCKETED**

<u>ORDER REGARDING DEFENDANT'S MOTION TO STRIKE
NON-STATUTORY AGGRAVATING FACTORS AND FOR PRETRIAL
HEARING ON ADMISSIBILITY OF ALL AGGRAVATING FACTORS</u>
(Docket No. 210)

August 25, 2000

PONSOR, D.J.

The court has previously denied the above motion without prejudice. Upon reconsideration, the court has concluded that it is more appropriate to address directly at least some of the issues raised by this motion prior to trail.

The court will therefore take up the question of the relevance of the evidence the Government intends to offer in support of certain non-statutory aggravating factors, if the trial moves to a penalty phase. If the court determines that some of this evidence is not relevant, pretrial investigation may be narrowed and the penalty phase, if any, will unfold more smoothly.

To prepare the court to discuss these issues, the Government is ordered to submit, on or before September 15, 2000, a memorandum

380

summarizing the details of the alleged acts of violence referred to in Paragraphs 2a, b, c and d and Items 3a, b, c, d, e, g, h, i, j and k of its Notice of Intention to Seek the Death Penalty

It is not necessary for this memorandum to include information not so far disclosed to the defendant. The purpose of the summary is simply to allow the court to understand the nature of the acts charged and a general idea of the information to be offered in support. If this information has already been assembled, in effect, in other submissions to the court, or in written disclosures to the defendant, the Government may simply append this material to its September 15 submission.

The court will hear argument on the relevance of this evidence at the hearing on September 20, 2000. The court will also hear argument with regard to the proper procedure to be followed in weighing the "reliability" of the evidence supporting the non-statutory aggravating factors, and also regarding the procedure to be followed in assessing the Government's proof as to statutory aggravating factors.

In considering what criteria to use in assessing the propriety of certain non-statutory aggravating factors, the court has found particularly helpful the decision in United States v. Davis, 912 F. Supp. 938 (E.D. La. 1996).

It is So Ordered.

_____
MICHAEL A. PONSOR
United States District Judge